IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LORI S. MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 15-cv-3124 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 16).  Judge Schanzle-Haskins recommends that Plaintiff Lori S. Morrison's Motion for Summary Judgment (d/e 11) be GRANTED and Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 14) be DENIED.  Judge Schanzle-Haskins recommends that this Court REVERSE and REMAND the decision of the Commissioner that Plaintiff is not entitled to Social Security Disability Benefits under Title II of the Social Security Act (42 U.S.C. §§ 416(i) and 423).

Objections to the Report and Recommendation were due on or before August 15, 2016. Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F. 3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Plaintiff filed a Title II application for a period of disability and disability benefits, alleging disability beginning April 19, 2011. The claim was denied initially on August 6, 2012 and upon reconsideration on January 7, 2013. Plaintiff then filed a written request for hearing on February 17, 2013. A hearing was held before the ALJ at which Plaintiff appeared, represented by attorney

Donald Hanrahan.  Based upon the record and the hearing testimony, the ALJ issued an opinion on February 21, 2014 denying Plaintiff's application for benefits.

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act and that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. The ALJ further found that Plaintiff has the severe impairments of cervical degenerative disc disease and a history of carpal tunnel syndrome.  However, the ALJ found that Plaintiff's impairments, neither independently nor in combination, meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart B, Appendix 1.

Accordingly, the ALJ assessed Plaintiff's residual functional capacity, and the ALJ found that Plaintiff has the ability to perform light work, as defined in 20 C.F.R. §404.1567(b).  The ALJ further found that: (1) Plaintiff can never climb ladders, ropes, or scaffolds; Plaintiff can climb ramps or stairs, balance, stoop, kneel, and crouch or crawl no more than occasionally; and Plaintiff can reach overhead, handle, and finger bilaterally no more than frequently.

Based on Plaintiff's residual functional capacity, the ALJ found that Plaintiff is unable to perform any past relevant work.  However, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  As a result, the ALJ found that Plaintiff is not disabled.  Upon denial of rehearing by the Appeals Council, the ALJ's decision became the final decision of the Commissioner.

Plaintiff appealed the Commissioner's decision to this Court, and the parties' cross-motions for summary judgment were referred to Judge Schanzle-Haskins for a Report and Recommendation.

Judge Schanzle-Haskins found that the ALJ's decision to deny Plaintiff Disability Insurance Benefits was not supported by substantial evidence.  Specifically, Judge Schanzle-Haskins found that, when assessing Plaintiff's residual functional capacity, the ALJ failed to provide an accurate and logical bridge between two main pieces of evidence—Plaintiff's testimony about her college classes and Plaintiff's doctors failure to prescribe Plaintiff narcotics for pain—and the ALJ's conclusion that Plaintiff is capable of full-time employment doing light work.  Judge Schanzle-Haskins further found that the

ALJ had given this evidence significant weight when making his decision. As a result, Judge Schanzle-Haskins recommended that this Court remand the ALJ's decision for further consideration with the Report and Recommendation.

First, Judge Schanzle-Haskins found that Plaintiff's testimony does not support the ALJ's conclusion that Plaintiff drove herself to school multiple times some days. R. 19. Plaintiff does attend school and drive herself to the campus. However, Plaintiff testified only that she had one class per day, except one night class. She testified that she keeps her classes far apart because "it's really hard." Further, Plaintiff testified that, after a class, she must "go home and take care of pain...." R. 54. Judge Schanzle-Haskins noted that the ALJ did not explain how he concluded from the above testimony that Plaintiff drives herself to and from school multiple times on some days and, therefore, the ALJ failed to build an accurate and logical bridge.

Judge Schanzle-Haskins next found that the ALJ failed to indicate how Plaintiff's ability to complete tests without the need for alternative accommodation shows greater functional ability than Plaintiff has alleged. R. 18-19. The ALJ referenced Plaintiff's

testimony that her examinations *could* last up to two hours and that Plaintiff has not needed testing accommodations to date.   However, the ALJ did not explain how Plaintiff's ability to take examinations without accommodation supported his finding that Plaintiff could maintain employment.   Further, the AL ignored Plaintiff's testimony that she had been able to complete the exams without accommodation because the exams so far had been short, <u>i.e</u>, not two hours long.   R. 58-59.   As a result, Judge Schanzle-Haskins found that the ALJ again failed to provide a logical bridge from evidence to conclusion.

Judge Schanzle-Haskins next found that the ALJ failed to explain how Plaintiff's attendance of a one-hour class per day with special needs help equates to an ability to maintain full-time employment.   R. 19.   The ALJ did not explain how Plaintiff's ability to attend class supported a finding that Plaintiff could maintain employment.   Plaintiff requires note-takers and requires all of her books be on computer so that they can be read to her.   Plaintiff also requires seating by the door because Plaintiff needs to get up and move because she cannot stay in one position.   R. 13.   The ALJ did not mention how such accommodations could be made for Plaintiff in

an employment setting. Accordingly, Judge-Schanzle-Haskins again found that the ALJ did not provide a logical bridge from evidence to conclusion.

Finally, Judge Schanzle-Haskins found that the ALJ failed to explain how the failure of Plaintiff's doctors to prescribe narcotics for Plaintiff's pain and the ALJ's conclusion supports a finding that Plaintiff can work on a full-time basis. The ALJ simply stated that narcotics were not prescribed. R. 19. He did not explain why the lack of such a prescription, especially in light of the evidence that Dr. MacGregor had increased Plaintiff's gabapentin prescription multiple times and prescribed a muscle relaxant in addition to her pain medication, supported a conclusion that Plaintiff could maintain full-time employment. For this reason, Judge-Schanzle-Haskins found that the ALJ failed to provide the required logical bridge.

Based on the ALJ's persistent failure to provide an accurate logical bridge from the evidence to his conclusions, Judge Schanzle-Haskins found that the ALJ's decision was not supported by substantial evidence.

After reviewing the record, the Report and Recommendation, the parties' motions and memoranda, as well as the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

**(1)   The Report and Recommendation (d/e 16) is ADOPTED in its entirety.**

**(2)   Plaintiff's Motion for Summary Judgment (d/e 11) is GRANTED; and the Commissioner's Motion for Summary Affirmance (d/e 14) is DENIED.   The decision of the Commissioner is REVERSED and REMANDED, under Sentence Four of 42 U.S.C. 405(g), for further proceedings consistent with this Order.   THIS CASE IS CLOSED.**

ENTER: August 18, 2016

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
